JABEZ C. CROOKER V. AMANDA STOVER.

FILED SEPTEMBER 18, 1894. No. 5219.

1. **Objection to the form of a verdict** will be of no avail in this court, where the same was not made in the motion for a new trial or petition in error.

2. **Sufficiency of Evidence to Support Verdict for Services of Housekeeper and Nurse.** The evidence in the case examined, and *held* to support the verdict.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*J. C. Crooker* and *J. E. Philpott*, for plaintiff in error.

*Davis & Hibner, contra.*

NORVAL, C. J.

This suit was instituted by Amanda Stover to recover the sum of $45 alleged to be due her for services to plaintiff in error as nurse and housekeeper during the fall of 1889. There was a trial in the court below to a jury, which resulted in a verdict for the plaintiff in the sum of $15. The defendant prosecutes error.

Complaint is made in the brief of counsel for plaintiff in error to the form of the verdict returned by the jury, which, omitting caption and title of the cause, reads as follows:

"We, the jury, duly impaneled and sworn in the above entitled cause, do find for the plaintiff and assess the amount of her recovery at the sum of $5 per week.

Total, thirty dollars ....................................$30 00
Received fifteen............................................ 15 00
                                                          ———————
        Balance due.......................................$15 00
                                        "D. B. HOWARD,
                                                *"Foreman."*

It is true the verdict is not in the usual form, but we think it sufficiently appears therefrom that the jury intended to and did find the sum due from defendant to plaintiff, after deducting payments made before suit was brought, to be $15. However, no objection was made to the verdict when the same was returned to the court below. Had there been, the court probably would have ordered the jury to return to their room and correct the same. Again, no objection to the form of the verdict was made either in the motion for a new trial or the petition in error.

The only other ground urged for reversal of the judgment is that the verdict is contrary to, and is not supported

by, the evidence in the case.   It is wholly undisputed that plaintiff was employed by, and worked for, defendant in the capacity of housekeeper and nurse.   The conflict in the testimony is upon two points, namely, the length of time the plaintiff worked, and the amount of compensation per week she was to receive.   The defendant insists that plaintiff entered his employ at the stipulated sum of $2 per week, that under which agreement she worked four and one-half weeks, and that he has paid her the sum of $15.   Both parties agree as to the amount paid; but the plaintiff below insists that she was in the employ of the defendant six weeks; that there was never any agreement as to the amount of compensation she should receive; and that her services were reasonably worth the sum of $10 per week.   There is in the record testimony tending to sustain the contention of each party.   The defendant's theory is sustained by the greater number of witnesses, and we would have been better satisfied had the jury found in his favor; but we do not feel like disturbing the verdict, since there was ample competent evidence before the jury to support their finding. The value of plaintiff's services was placed by the witnesses from $5 to $10 per week, and the jury allowed her the smaller sum, with which we are content.   The judgment is

AFFIRMED.